UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES H MABREY,

    PLAINTIFF,

-vs-                                      Case No. 1:15-cv-00200-WTH-GRJ

CAROLYN W COLVIN,

    DEFENDANT.
_____/

## O R D E R

This matter is before the Court on ECF No. 15, the Report and Recommendation of the Magistrate Judge. The parties have been furnished a copy of the Report and Recommendation and have been afforded an opportunity to file objections pursuant to Title 28, United States Code, Section 636(b)(1). The Plaintiff has filed objections at ECF No. 17. I have made a de novo review based on those objections.

Having considered the Report and Recommendation, and the timely filed objections, I have determined that the Report and Recommendation should be adopted. Plaintiff raises three issues in this case: (1) whether the Administrative Law Judge ("ALJ") erred in finding that his past relevant work was semiskilled to skilled; (2) whether the ALJ failed to fully and fairly develop the record by sending Plaintiff for IQ testing when his school records showed a score on the California Assessment Test of between 50 and 60; and (3) whether the ALJ erred in finding Plaintiff to be "closely

approaching advanced age" when he was only five months away from becoming an "older individual". ECF No. 12.

With regard to the first issue, the ALJ found that Plaintiff's prior work as a dispatcher was not past relevant work and that Plaintiff could not return to his past relevant work in construction. Thus, the ALJ found that Plaintiff was unable to perform any past relevant work. Decision of the ALJ, ECF No. 10 ex. 2 at 18. Then, the ALJ found the Plaintiff retained the RFC for light, unskilled work. *Id.* at 19. The three representative occupations offered by the vocational expert – clerk cashier II, usher/ticket taker, and agricultural sorter – were defined as light, unskilled occupations. Thus, the ALJ did not require the Plaintiff to perform semiskilled to skilled work, and this claim provides no basis for relief.

With regard to the second issue, whether the ALJ was required to order an IQ test to determine if Plaintiff met listing 12.05, the Court agrees with the Magistrate Judge that the ALJ did not. Under 12.05, in addition to a qualifying IQ score, Plaintiff must show the following:

> Significant deficits in adaptive functioning currently manifested by extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
> Understand, remember, or apply information; or
> Interact with others (see 12.00E2); or
> Concentrate, persist, or maintain pace (see 12.00E3); or
> Adapt or manage oneself (see 12.00E4);

Case 1:15-cv-00200-WTH-GRJ   Document 18   Filed 03/28/17   Page 3 of 3

Page 3 of 3

The only specific deficit described by the medical evidence of the Plaintiff was Plaintiff's inability to spell words backwards and inability to remember three words after a few minutes.  Otherwise, the daily activities and achievements of the Plaintiff showed that he had no such significant deficits.  He obtained two types of driver licenses, previously worked as a cab company dispatcher and a construction worker, where he built houses, did roofs and used various tools.

Finally, the Court agrees with the Magistrate Judge that Plaintiff's third argument also does not provide a basis for relief.  The ALJ did not rely exclusively on the grids when determining the number of jobs available to Plaintiff.  Instead, the ALJ obtained the testimony of a vocation expert to determine that there was other work that Plaintiff could perform given his age, experience, and residual functional capacity.

Accordingly, the Clerk is directed to enter judgment stating the following: "The Report and Recommendation, ECF No. 15, is accepted and incorporated herein.  The decision of the Commissioner, denying benefits, is affirmed."  The Clerk is directed to close the file.

IT IS SO ORDERED.

DONE and ORDERED at Gainesville, Florida this 28th day of March, 2017.

UNITED STATES DISTRICT JUDGE

Copies to:

*Case No: 1:15-cv-00200-WTH-GRJ*